16 MAG 1072                                              **ORIGINAL**

Approved: _____
          TATIANA R. MARTINS
          Assistant United States Attorney

Before:   THE HONORABLE RONALD L. ELLIS
          United States Magistrate Judge
          Southern District of New York

*U.S. DISTRICT COURT FILED FEB 19 2016 S.D. OF N.Y.*

DOC #_____

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :   **SEALED COMPLAINT**
                                    :
     - v. -                         :   Violations of
                                    :   18 U.S.C. § 371;
MALKIA KING, and                    :   29 U.S.C. § 501(c)
ADRIAN LINDSAY,                     :
                                    :   COUNTY OF OFFENSE:
              Defendants.           :   NEW YORK
                                    :
------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

JEREMY W. ROSENMAN, being duly sworn, deposes and says that he is a Senior Investigator with the United States Department of Labor ("DOL"), Office of Labor-Management Standards ("DOL-OLMS"), and charges as follows:

## COUNT ONE
### (Conspiracy)

1. From at least in or about September 2013 up to in or about April 2014, in the Southern District of New York and elsewhere, MALKIA KING and ADRIAN LINDSAY, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 29, United States Code, Section 501(c).

2. It was a part and an object of the conspiracy that MALKIA KING and ADRIAN LINDSAY, the defendants, and others known and unknown, would and did embezzle, steal, and unlawfully and willfully abstract and convert to their own use, and the use of another, moneys, funds, securities, property, and other assets of a labor organization of which they were officers, to wit, KING and LINDSAY, while serving as the President and Vice President, respectively, of the Benefit Fund Staff Association ("BFSA"), embezzled and stole money from the

-1-

BFSA by making unauthorized deposits of union funds into a bank account and withdrawing cash from that bank account for non-BFSA purposes.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal objects thereof, MALKIA KING and ADRIAN LINDSAY, the defendants, committed the following overt act, among others, in the Southern District of New York and elsewhere:

   a. On or about September 18, 2013, KING and LINDSAY opened a checking account in the name of the BFSA at a bank branch in Manhattan ("Bank Account-1") and transferred, via check, $25,000 from the BFSA's general operating account into Bank Account-1 without the authorization or knowledge of the BSFA executive board. After opening Bank Account-1, KING and LINDSAY used debit cards issued for Bank Account-1 to pay for personal expenses.

(Title 18, United States Code, Section 371.)

## COUNT TWO
(Embezzlement of Union Funds - MALKIA KING)

4. From at least in or about September 2013 up to and including in or about April 2014, in the Southern District of New York and elsewhere, MALKIA KING, the defendant, embezzled, stole, and unlawfully and willfully abstracted and converted to her own use, and the use of another, moneys, funds, securities, property, and other assets of a labor organization of which she was an officer, to wit, KING, while serving as the President of the BFSA, embezzled and stole money from the BFSA by making unauthorized deposits of union funds into Bank Account-1 and withdrawing cash from Bank Account-1 for non-BFSA purposes.

(Title 29, United States Code, Section 501(c).)

## COUNT THREE
(Embezzlement of Union Funds - ADRIAN LINDSAY)

5. From at least in or about September 2013 up to and including in or about April 2014, in the Southern District of New York and elsewhere, ADRIAN LINDSAY, the defendant, embezzled, stole, and unlawfully and willfully abstracted and converted to his own use, and the use of another, moneys, funds, securities, property, and other assets of a labor organization of which he was an officer, to

-2-

wit, LINDSAY, while serving as the Vice President of the BFSA, embezzled and stole money from the BFSA by making unauthorized deposits of union funds into Bank Account-1 and withdrawing cash from Bank Account-1 for non-BFSA purposes.

(Title 29, United States Code, Section 501(c).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Senior Investigator with DOL-OLMS and have been employed by DOL since 2008. I have participated in the investigation of this matter, and I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, and my conversations with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents, and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## Background

7. Based on my training and experience, my review of documents, and my conversations with others, I have learned the following:

    a. The BFSA is a New York City-based union that represents approximately 600 individuals who work in the benefits offices of the Service Employees International Union 1199 ("SEIU 1199").[1] The BFSA is a "labor organization" as defined in 29 U.S.C. § 402(i).

    b. The BFSA is governed by an Executive Board, which consists of the President, Vice President, Treasurer, Recording Secretary and three Trustees. The BFSA Constitution also designates the Treasurer as the union's "Chief Fiscal Officer."

---

[1] SEIU 1199 is a large labor organization representing over 350,000 members in the healthcare industry, which is located in New York City.

    c. At the beginning of each fiscal year, the BFSA Executive Board approves the union's annual budget. Any large expenses not accounted for in that year's budget must be separately voted on by the Executive Board.

    d. Per the BFSA Constitution, Article VI, disbursement of BFSA funds is jointly handled by the union's President and Treasurer, and any check expending BFSA funds must be signed by both officers. However, in the absence of either the President or the Treasurer, the BFSA's Vice-President may co-sign a check on behalf of the union.

    e. The President and Vice President of the BFSA are part-time officers who each receive a monthly salary of $500 and $300, respectively. On or about May 2013, MALKIA KING and ADRIAN LINDSAY, the defendants, were elected President and Vice President, respectively, of the BFSA.

    f. On or about July 2015, KING resigned her position as President of the BFSA. In or about May 2015, LINDSAY resigned his position as Vice President of the BFSA.

The Embezzlement Scheme

    8. Based on my review of documents and my interviews of BFSA employees and others, I have learned that, starting in or about September 2013, MALKIA KING and ADRIAN LINDSAY, the defendants, while serving as the President and Vice President, respectively, of the BFSA, improperly obtained at least $25,000 from the BFSA by using union funds to pay for their personal expenses.[2] In particular, I have learned the following:

    a. From in or about August 2013 up through in or about November 2013, KING blocked the Treasurer's access to the BFSA's books and records by changing the locks on the union office's door. During this period of time, KING and LINDSAY were solely responsible for the disbursement of BFSA funds.

    b. On or about September 18, 2013, KING and LINDSAY opened Bank Account-1 in the name of BFSA at a bank located in Manhattan, New York. The union's Executive Board did not authorize

---

[2] KING and ADRIAN in fact withdrew over $47,000 from Bank Account-1 during the charged conspiracy period. We continue to review these expenditures to determine whether they were authorized by the BFSA for union-related business.

-4-

KING and LINDSAY to open Bank Account-1. After opening Bank-Account 1, KING and LINDSAY transferred, via check, $25,000 from the BFSA's general operating account ("Bank Account-2") into Bank Account-1 without the authorization or knowledge of the Executive Board. Additional funds totaling approximately $25,000 were transferred by KING and LINDSAY from Bank Account-2 to Bank Account-1 on January 2, 2014; January 27, 2014; February 27, 2014; April 3, 2014; and April 16, 2014.

        c. Following their initial transfer of funds into Bank Account-1, KING and LINDSAY were issued individual debit cards linked to Bank Account-1 (collectively, the "Debit Cards"). KING's debit card ended in -9723, and LINDSAY's debit card ended in -9426.

        9. I have reviewed bank records for Bank Account-1 and the Debit Cards, in addition to records from numerous purveyors of goods and services purchased with the Debit Cards. From those records, I have learned that, within days of obtaining the Debit Cards, MALKIA KING and ADRIAN LINDSAY, the defendants, used the Debit Cards to pay for personal, non-BFSA expenses. For example:

        a. On or about September 30, 2013, LINDSAY used the debit card ending in -9426 to purchase goods from a national discount store in the amount of $581.66.

        b. On or about October 10, 2013, LINDSAY used the debit card ending in -9426 to purchase a 2007 Acura TL (VIN number 19UUA765X7A046452) from a car dealership in the amount of $2,429.

        c. On or about October 11, 2013, LINDSAY used the debit card ending in -9426 to purchase car insurance through a major car insurance company for the 2007 Acura TL in the amount of $848.50.

        d. On or about December 19, 2013, KING used the debit card ending in -9426 to pay for two personal electricity bills in the combined amount of $3,307.

        e. On or about January 7, 2014, KING used the debit card ending in -9426 to pay for her son's tuition at a preparatory school located in Newark, New Jersey in the amount of $2,964.

        f. On or about February 10, 2014, LINDSAY used the debit card ending in -9426 to purchase goods at a national retailer in the amount of $171.01.

      g. In addition, the defendants made numerous cash withdrawals from Bank Account-1 at automated teller machines in New York and New Jersey, including $200 withdrawn by LINDSAY on or about October 3, 2013, and $500 withdrawn by KING on or about October 4, 2013. In the six-month period from in or about September 23, 2013 up through in or about March 24, 2014, KING and LINDSAY withdrew more than $9,500 in cash from Bank Account-1.

### Defendants' Statements

  10. I have interviewed members of the BFSA and also reviewed meeting minutes of the BFSA Executive Board and other documents in connection with the allegations in this case. From those sources, I have learned, among other things, that:

      a. In an interview with the union accountant in 2014, MALKIA KING and ADRIAN LINDSAY, the defendants, acknowledged that they used BFSA funds for personal expenses.

      b. On or about August 29, 2014, KING AND LINDSAY signed agreements with the BFSA in which they agreed to repay the union for unauthorized expenses charged by KING and LINDSAY to Bank Account-1. However, after the agreements were redrafted by the union to correct certain errors, KING and LINDSAY refused to sign the corrected agreements.

### Summary of Loss

  11. Based on the investigation to date, I estimate that MALKIA KING and ADRIAN LINDSAY, the defendants, improperly obtained more than $25,000 in funds from the BFSA.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of MALKIA KING and ADRIAN LINDSAY, the defendants, and that they be imprisoned, or bailed, as the case may be.

_____
JEREMY W. ROSENMAN
Senior Investigator
DOL-OLMS

Sworn to before me this
19th day of February, 2016

_____
THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK